UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD ROSS,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:13-cv-01562-JCM-CWH

**ORDER**

Before the court are the first amended petition for writ of habeas corpus (ECF No. 38), respondents' motion to dismiss (ECF No. 42), petitioner's opposition (ECF No. 45), and respondents' reply (ECF No. 46). The court finds that some of the grounds in the first amended petition are untimely and that some of the grounds in the first amended petition are not exhausted. The court grants the motion to dismiss in part.

After a jury trial, petitioner was convicted of two counts each of burglary, conspiracy to commit larceny from the person, and larceny from a person, victim 60 years of age or older; the state district court also dismissed two counts of grand larceny. Ex. 70 (ECF No. 17-18). Petitioner appealed. Ex. 71 (ECF No. 17-19). The Nevada Supreme Court affirmed. Ex. 99 (ECF No. 18-21). Petitioner then filed in the state district court a motion to dismiss for violations of the discovery statute and Brady v. Maryland, 373 U.S. 83 (1963), or in the alternative a motion for new trial based on newly discovered evidence and motion to supplement record. Ex. 101A (ECF No. 18-23). The state district court denied that motion. Ex. 113 (ECF No. 19-13). Petitioner appealed. Ex. 108 (ECF No. 19-8). The Nevada Supreme Court affirmed. Ex. 148 (ECF No. 21-1). While

the appeal on that motion was pending, petitioner filed a post-conviction habeas corpus petition in the state district court. Ex. 131 (ECF No. 20-5). The state district court denied the petition. Ex. 144 (ECF No. 20-18). Petitioner appealed. Ex. 136 (ECF No. 20-10). The Nevada Supreme Court affirmed on January 16, 2013. Ex. 158 (ECF No. 21-11). Remittitur issued on February 12, 2013. Ex. 159 (ECF No. 21-12).

On July 31, 2013, petitioner mailed his original, proper-person habeas corpus petition (ECF No. 1) to this court. The Federal Public Defender, who was representing petitioner in another habeas corpus case before the court, asked to represent him in this case, and the court agreed. Petitioner filed the first amended petition (ECF No. 38) on December 4, 2015. The motion to dismiss (ECF No. 42) followed.

The court will address respondents arguments out of the order presented in the motion to dismiss. First, respondents argue that some grounds are not timely under the one-year period of limitation of 28 U.S.C. § 2244(d)(1).

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009); see also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk

of the court. Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001). The one-year period is not tolled while a federal habeas corpus petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

The Nevada Supreme Court decided the direct appeal on December 10, 2010. Petitioner's judgment of conviction became final on March 10, 2011, when the time to petition the Supreme Court of the United States for a writ of certiorari expired.[1] By that time, petitioner already had filed his motion to dismiss for violations of the discovery statute and Brady v. Maryland, on February 10, 2011. This was a petition for other collateral review that tolled the one-year period under 28 U.S.C. § 2244(d)(2). Petitioner filed his state habeas corpus petition on December 14, 2011, while the appeal from the denial of the motion to dismiss was still pending. The state habeas corpus petition also tolled the one-year period under 28 U.S.C. § 2244(d)(2). The Nevada Supreme Court issued its remittitur, ending the appeal of the denial of the state habeas corpus petition, on February 12, 2013. Because of the overlaps of the direct appeal, the motion to dismiss, and the state habeas corpus petition, no time on the federal one-year period had run up until then. Petitioner's original, proper person petition (ECF No. 1), mailed on July 31, 2013, was filed within the one-year period. Petitioner's first amended petition (ECF No. 38), filed on December 4, 2015, was not filed within the one-year period.

Petitioner argues that the grounds in the first amended petition that respondents challenge as untimely relate back to the original, proper person petition. Relation back, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Mayle v. Felix, 545 U.S. 644, 664 (2005).

The court agrees with petitioner that grounds 3, 4(A), and 4(B) of the first amended petition are the same as grounds 1, 4, and 2, respectively, of the original, proper-person petition. Those grounds relate back and are timely.

---

[1] Respondents' statement that petitioner's judgment of conviction became final on January 9, 2011, is incorrect.

The court agrees with respondents that grounds 1, 4(C), and 4(D) of the first amended petition do not relate back to the first amended petition.[2] Ground 1 is a claim that witnesses for the prosecution improperly referred to petitioner's prior criminal acts. When the witnesses related how they searched for the person suspected of stealing a woman's wallet, they referred to petitioner by his name, Ronald Ross, without relating how they knew that that person was Ronald Ross. Ground 4(D) is a claim that counsel provided ineffective assistance because counsel did not object to the witnesses' testimonies. Petitioner argues that both ground 1 and ground 4(D) relate back to ground 3 of the original, proper-person petition. Ground 3 of the original, proper-person petition is a claim of ineffective assistance of counsel. Petitioner's allegations in that ground that could relate to grounds 1 and 4(D) were, in full, "improper bad act inferences." Petition, at 7A (ECF No. 1, at 11). Ground 4(C) of the first amended petition is a claim that counsel failed to object to the testimony of an expert witness for whom the prosecution did not give any notice. Petitioner argues that ground 4(C) relates back to ground 3 of the original, proper-person petition. Petitioner's allegations in that ground that could relate to ground 4(C) were, in full, "using inappropriate . . . unrecognized expert so-. . . called, witnesses . . . ." Petition, at 7A (ECF No. 1, at 11).

The allegations in ground 3 of the original, proper-person petition are far too vague for grounds 1, 4(C), and 4(D) to relate back to them.

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Felix, 545 U.S. at 649 (2005). When it comes to grounds 1, 4(C), and 4(D), there is no common core of operative facts with the original, proper-person petition because the original, proper-person

---

[2]Respondents seem to confuse relation back with exhaustion. They ask the court to compare grounds in the first amended petition with grounds raised in the state habeas corpus petition. Motion, at 21 (ECF No. 42). The correct comparison is between the first amended petition and the original, proper-person petition filed in this action.

-4-

petition did not allege any facts relevant to those grounds. Grounds 1, 4(C), and 4(D) do not relate back to the original, proper-person petition, and they are untimely.

Next, respondents argue that petitioner has not exhausted his available state-court remedies for grounds 1, 3, 4(A), 4(B), 4(C), and 4(D). Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

The parties agree that grounds 4(B), 4(C), and 4(D) are not exhausted. Petitioner will need to decide what to do with ground 4(B). The court is dismissing grounds 4(C) and 4(D) because they are untimely.

Ground 1 is a claim that witnesses for the prosecution testified that they were searching specifically for petitioner, Ronald Ross, thus implying that petitioner had committed other, uncharged criminal acts that made him known to the police. Petitioner described these references in the statement of facts of his direct-appeal brief, and he gave a citation by example in the argument of the brief. Ex. 88, at 4, 17-18 (ECF No. 18-10, at 9, 22-23). Respondents argue that only the example in the argument is exhausted. The court disagrees. The Nevada Supreme Court ruled:

> Third, Ross asserts that his convictions must be reversed because witnesses were allowed to refer to Ross by his name. We conclude that this testimony—to which Ross also failed to object—was not error, much less plain error.

Ex. 99, at 2 (ECF No. 18-21, at 3). The mention of the plural "witnesses" indicates that the Nevada Supreme Court was aware of more than one example of this type of testimony. Furthermore, even if the Nevada Supreme Court was aware of only the example in the argument section of the brief, its ruling would encompass all the facts that petitioner presented. It did not rule that the mention of petitioner's name was erroneous, but harmless. It ruled that the mention of petitioner's name was not erroneous, let alone plainly erroneous. Even if petitioner did present additional facts, they did not fundamentally alter the claim. Ground 1 is exhausted.

Ground 3 is a claim that petitioner's right to a speedy trial was violated. The similar claim in the state habeas corpus petition, ground 1, alleged in full, "Petitioner's 6th Amendment right to speeding [sic] trial was violated." Ex. 131, at 4 (ECF No. 20-5, at 5). Nowhere else in the state habeas corpus petition did petitioner allege the facts that he alleges in ground 3 of the federal first amended petition (ECF No. 38). On appeal from the denial of the state habeas corpus petition, petitioner presented the procedural history of the case, which included the facts that petitioner alleges now in support of his speedy-trial claim. See Ex. 153, at 1-8 (ECF No. 21-6, at 6-13). However, the claim that petitioner presented on that appeal was that the state district court erred when it denied the petition without holding an evidentiary hearing. The argument focused only on claims of ineffective assistance of counsel and post-conviction counsel's difficulty in obtaining petitioner's file from prior counsel. Id. at 25-28 (ECF No. 21-6, at 30-33). From the appellate brief alone, the Nevada Supreme Court would not have concluded that petitioner was raising a claim that his speedy-trial rights were violated. The Nevada Supreme Court was not required to read beyond the brief to the state habeas corpus petition to determine that the procedural history in the brief actually was support to a speedy-trial claim. See Baldwin v. Reese, 541 U.S. 27, 32 (2004); Castillo v. McFadden, 399 F.3d 993, 999-1000 (9th Cir. 2005). Ground 3 is not exhausted.

Ground 4(A) is a claim that trial counsel failed to communicate with counsel appointed to represent petitioner in another criminal case. Petitioner raised this claim in his state habeas corpus petition without any factual support. However, the court finds that the facts that petitioner alleges in the first amended petition do not fundamentally alter the claim. Ground 4(A) is exhausted.

Finally, respondents argue that grounds 4(B) and 4(D) should be dismissed because they are conclusory. The argument with respect to ground 4(B) is moot because ground 4(B) is not exhausted, and petitioner will need to decide what to do with that ground. The argument with respect to ground 4(D) is moot because ground 4(D) is untimely and, even if it was not untimely, it also is unexhausted.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 42) is **GRANTED** in part. Grounds 1, 4(C), and 4(D) of the first amended petition (ECF No. 38) are

-6-

1 **DISMISSED** because they are untimely.  Grounds 3 and 4(B) of the first amended petition (ECF
2 No. 38) are unexhausted.
3     IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
4 of this order to file a motion for dismissal without prejudice of the entire petition, for partial
5 dismissal of grounds 3 and 4(B), or for other appropriate relief.  Within ten (10) days of filing such
6 motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. §
7 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the
8 motion, and that he has authorized that the relief sought therein be requested.  Failure to comply
9 with this order will result in the dismissal of this action.
10     DATED:  August 23, 2016.

                                                        JAMES C. MAHAN
                                                        United States District Judge