**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RONALD ROSS, | Case No. 2:13-cv-01562-JCM-DJA |
| Petitioner, | **ORDER** |
| v. | |
| RENEE BAKER, et al., | |
| Respondents. | |

**I.     Introduction**

Before the court are the second amended petition for writ of habeas corpus (ECF No. 62), respondents' motion to dismiss (ECF No. 68), petitioner's opposition (ECF No. 71), and respondents' reply (ECF No. 72).  The court finds that petitioner has procedurally defaulted grounds 3 and 4(B) of the second amended petition, without excuse, and the court grants the motion to dismiss.

**II.    Relevant Procedural History**

Previously, the court found that grounds 1, 4(C), and 4(D) of the first amended petition were untimely, and the court dismissed those grounds.  The court also found that petitioner had not exhausted his state-court remedies for grounds 3 and 4(B) of the first amended petition.  ECF No. 47.  The court stayed the action while petitioner exhausted grounds 3 and 4(B).  ECF No. 56.

Petitioner filed another post-conviction habeas corpus petition in the state district court. Ex. 172 (ECF No. 60-2). The state district court found that the petition was untimely under Nev. Rev. Stat. § 34.726, barred by laches under Nev. Rev. Stat. § 34.800, and successive under Nev. Rev. Stat. § 34.810. Ex. 177 (ECF No. 60-7). Petitioner appealed. Ex. 179 (ECF No. 60-9). The Nevada Court of Appeals affirmed the state district court's decision for the same reasons. Ex. 184 (ECF No. 60-14).

The court then reopened this action. ECF No. 61. Petitioner filed the second amended petition, which alleges the same grounds as the first amended petition. ECF No. 38, ECF No. 62. Respondents then filed their current motion to dismiss. ECF No. 68.

**III. Discussion**

**A. Grounds 1, 4(C), and 4(D) still are untimely**

The court already dismissed grounds 1, 4(C), and 4(D) as untimely. No further action need be taken on them.

**B. Grounds 3 and 4(B) are procedurally defaulted**

**1. Legal standard**

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. Carrier, 477 U.S. at 488.

To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

Petitioner argues that cause exists under Martinez v. Ryan, 566 U.S. 1 (2012), which held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. Miller-El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

Id. at 14.

**2. Ground 3 is procedurally defaulted**

Ground 3 is a claim that petitioner's right to a speedy trial was violated. It is not a claim of ineffective assistance of trial counsel. Martinez does not apply to it.

To excuse the procedural default of ground 3, petitioner argues that his counsel on direct appeal provided ineffective assistance by not raising the speedy-trial claim. Petitioner then argues that this claim of ineffective assistance of appellate counsel itself is procedurally defaulted. To excuse the procedural default of the claim of ineffective assistance of appellate counsel, petitioner argues that his initial state post-conviction counsel provided ineffective assistance by not raising the claim of ineffective assistance of appellate counsel. ECF No. 71, at 5-9.

Petitioner's argument does not persuade the court. First, for the claim of ineffective assistance of appellate counsel to excuse the procedural default of ground 3, the claim of

3

ineffective assistance of appellate counsel must be exhausted, Carrier, 477 U.S. at 489, and it must not be procedurally defaulted, Edwards v. Carpenter, 529 U.S. 446 (2000). Petitioner has not raised a claim of ineffective assistance of appellate counsel for failing to raise the speedy-trial claim, either in state court or in this court. The claim of ineffective assistance of appellate counsel cannot excuse the procedural default of ground 3 because it does not exist. Second, the rule of Martinez specifically does not extend to procedurally defaulted claims of ineffective assistance of appellate counsel. Davila v. Davis, 137 S. Ct. 2058 (2017). Petitioner argues that Davila is wrongly decided and should be overturned. Regardless, it is the controlling precedent. Ground 3 is procedurally defaulted, and the court dismisses it.

**3.     Ground 4(B) is procedurally defaulted**

Petitioner relies on Martinez as cause to excuse the procedural default of ground 4(B). Ground 4(B) is a claim of ineffective assistance of trial counsel. Either by rule or as a practical matter, Nevada requires people to raise claims of ineffective assistance of trial counsel in post-conviction habeas corpus petitions. Rippo v. State, 146 P.3d 279, 285 (Nev. 2006). Petitioner wants additional briefing. However, in this case, the court concludes that ground 4(B) is insubstantial.

Ground 4(B) is a claim that trial counsel provided ineffective assistance at sentencing. Petitioner was facing adjudication as a "large" habitual criminal under Nev. Rev. Stat. § 207.010(1)(b). That provision has three possible sentences: Life imprisonment without the possibility of parole, life imprisonment with the possibility of parole after 10 years, and 25 years' imprisonment with the possibility of parole after 10 years.[1] Petitioner argues in ground 4(B) that trial counsel should have argued that his prior felony convictions were non-violent, that trial counsel should have argued that his prior felony convictions were remote in time, and that trial counsel should have called witnesses in mitigation.

Contrary to petitioner's argument, the habitual criminal statute has no exception for non-violent prior offenses. However, the non-violent nature of prior offenses is a matter that the trial

---

[1] At the sentencing hearing, counsel noted that petitioner had repeatedly asked the prosecution for the same guilty plea agreement that his co-defendant obtained, which was a sentence as a "small" habitual criminal of 5 years to 20 years, but that the prosecution offered nothing less than multiple life sentences. Ex. 68, at 22 (ECF No. 17-6, at 8).

court, in its discretion, may consider when deciding whether to impose a habitual criminal sentence. Arajakis v. State, 843 P.2d 800, 805 (Nev. 1992).

Although trial counsel did not note to the state district court that petitioner's prior felonies were non-violent, the prosecutor did. The notice of intent to seek punishment as a habitual criminal listed 16 prior non-violent felonies, dating from 1988 to 2007. Ex. 66 (ECF No. 17-14). At the sentencing hearing, the prosecutor noted that petitioner had committed 13 or 14 non-violent felonies, depending on whether the current case is counted, dating from 1988 to 2007. Ex. 68, at 16-18 (ECF No. 17-16, at 6-7). If counsel tried to minimize the nature of the prior felonies, he also would have been implicitly emphasizing the number of the prior felonies. The problem for petitioner was not that counsel did not highlight that petitioner had committed nothing but non-violent felonies, but that apparently for the previous 20 years petitioner had done nothing but commit non-violent felonies.

Trial counsel did argue in passing that the 1988 felony was remote in time. Ex. 68, at 21 (ECF No. 17-16, at 8). However, in determining whether to consider a conviction remote in time, the question becomes why that conviction was remote in time. In petitioner's case, it was not because he had committed some felonies a long time ago, and then stopped until the current offense. It was because he had started committing felonies a long time ago and kept committing felonies up to the current offense, when the prosecution asked for habitual-criminal treatment.

Counsel thus did not perform deficiently by not highlighting the non-violent and remote nature of petitioner's crimes. For a person with petitioner's criminal record, counsel would only be reinforcing the prosecution's argument that petitioner should be adjudicated as a habitual criminal.

Regarding the claim that counsel should have called witnesses in mitigation, petitioner does not allege who these witnesses are, nor does he allege what these witnesses' testimonies would have been. Petitioner has the burden of pleading facts that show that counsel performed deficiently, and that petitioner suffered prejudice from that deficient performance. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Petitioner has not met that burden.

For these reasons, the court concludes that petitioner has not demonstrated that ground 4(B) is not a substantial claim of ineffective assistance of trial counsel.

**IV.     Conclusion**

IT THEREFORE IS ORDERED that respondents' motion to dismiss (ECF No. 64) is **GRANTED**. Grounds 1, 4(C), and 4(D) remain **DISMISSED** as untimely. Grounds 3 and 4(B) of the second amended petition are **DISMISSED** as procedurally defaulted.

IT FURTHER IS ORDERED that respondents will have forty-five (45) days from the date of entry of this order to file and serve an answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: September 12, 2019.

_____
JAMES C. MAHAN
United States District Judge